IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | | |
|---|---|---|
| JEROD HOGAN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00377 |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF JEROD HOGAN'S FIRST AMENDED COMPLAINT[1]
SEEKING DECLARATORY JUDGMENT**

COMES NOW JEROD HOGAN complaining of HARTFORD FIRE INSURANCE COMPANY, Defendant. Plaintiff would respectfully show the Court that Plaintiff is legally entitled to recover benefits under the Underinsured Motorist coverage section of the policy in question.

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Jerod Hogan is an individual resident of Atlanta, Georgia.

2. Defendant Hartford Fire Insurance Company ("Hartford") is an entity created and existing under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Hartford has been served and appeared in this action.

---

[1] Plaintiff filed an Original Petition in Texas State Court. Therefore, this complaint is styled as Plaintiff Jerod Hogan's First Amended Complaint to reflect the fact that it is an amendment of the previously filed state court petition.

1

3. This Court has jurisdiction under 28 USC §1332(a) as the parties are completely jurisdictionally diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Defendant Hartford removed this lawsuit to this Court from Texas state court on February 2, 2023.

5. Venue is proper in the Southern District of Texas, Houston Division, under 28 USC §1441(a) because this is the district and division embracing the place where the state court action was pending prior to removal by Hartford.

## II.
## FACTS

6. Prior to December 15, 2020, Sweep America Holdings, LLC ("Sweep") purchased a commercial auto insurance policy through Defendant Hartford and paid the requested and appropriate premiums in full for the policy. The commercial auto policy number 83 ABR S67102 (the "Policy") included Underinsured Motorist ("UIM") coverage.

7. The Policy providing the Underinsured Motorist Benefits was in full force and effect on December 15, 2020 providing $1,000,000 in UIM coverage.

8. On or about December 15, 2020, Plaintiff Jerod Hogan was a passenger in an Isuzu truck (the "truck") driven by Marvin Justin Allen ("Allen"). The truck was owned by Hogan's employer, Sweep. Hogan was acting within his course and scope of employment with Sweep at the time.

9. Allen was driving the truck prudently and with caution in Harris County, Texas on such date. The truck was traveling on the entrance ramp of Highway 59 located near the 5600 block of Highway 59.

10. As the truck was entering Highway 59, a 2000 Lexus RX 300 (the "Lexus") owned and operated by Rusty Austin Rojas ("Rojas") sped up to go around the truck. Instead of going around the truck, the Lexus slammed into the back of the truck injuring Hogan (the "Crash" or "Collision").

11. Rojas failed to keep a proper lookout for the vehicles traveling ahead of the Lexus, allowed himself to become distracted from his duties as a driver, attempted to pass when it was unsafe to do so, failed to control his speed, failed to timely apply his brakes, failed to maintain control of his vehicle, and operated his vehicle in a willful and wanton manner in complete disregard for the safety of persons or property, and, as a proximate result of these failures, he smashed into the truck occupied by Plaintiff.

12. As a proximate result of the collision, Plaintiff sustained severe personal injuries and damages. Plaintiff suffered extensive injuries to his lumbar spine, cervical spine and right hand requiring surgery.

13. Nothing which Plaintiff did or failed to do caused or contributed to the collision Plaintiff's resulting injuries and damages.

14. The responding investigator, Officer Bibb of the Houston Police Department, noted in the official crash report that Rojas was "cited for the accident." The crash report also included a diagram of the crash:



15. Office Bibb also identified Rojas's failure to control his speed as a factor that may have contributed to the crash.

16. Rojas further issued a statement to Officer Bibb:

> I WAS ENTERING THE FREEWAY, AND WENT TO PASS THE TRUCK ON THE LEFT, AND SLAMMED INTO THE TRUCK.

By Rojas's own account, he slammed his vehicle into the truck causing the crash.

17. At the time of the crash, Rojas, the underlying tortfeasor, only had $30,000 in applicable insurance through Safe Auto Insurance Company. Rojas had no excess or umbrella policy that would cover the Plaintiff's injuries caused by the collision which exceed the $30,000 policy limits.

18. At the time of the collision, Rojas was the owner or operator of an "uninsured motor vehicle" as defined in the Hartford Policy. *See Policy Texas Uninsured/Underinsured Motorists Coverage* ¶ F.5.

19. Under the UM/UIM coverage, Hartford will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by the insured. *See id.* ¶ A.1.

20. As an employee and occupant of the truck, Plaintiff is an "insured" under the terms of the Policy. *See id.* ¶ B.1.

21. Plaintiff promptly notified Hartford about the collision. Plaintiff also notified Hartford of his UIM claim under the Policy.

22. Plaintiff notified Defendant Hartford multiple times that he was making a UIM claim under the Policy. These demands included exhibits to medical records depicting the injuries Plaintiff suffered in the crash and providing evidence of the damages suffered in excess of $30,000.

Based on the evidence supplied by Plaintiff, Hartford's liability was reasonably clear and it was reasonably clear to Hartford that Plaintiff's claims were covered by the Policy.

23. The crash report and statement of Rojas combined with the fact that the truck was rear-ended while traveling in its designed lane of travel is overwhelming evidence of the liability of Rojas for this collision.

24. Plaintiff provided all documentation requested by Defendant Hartford to timely and appropriately accept his UIM claim under the Policy. Plaintiff also made a reasonable demand within the Policy limits. However, regardless of these correspondences and the abundance of evidence supplied to Defendant Hartford, Hartford has not issued an offer to settle Plaintiff's claim.

25. Prior to filing this lawsuit, Plaintiff settled his claims with Rojas for the full policy limits of his insurance policy which exhausted the applicable policy. Plaintiff notified Defendant Hartford multiple times about the $30,000 settlement and Defendant Hartford did not object to it.

26. Defendant Hartford's actions necessitated Plaintiff filing this lawsuit. All conditions precedent to recovery under the Policy have been met.

### III.

### DECLARATORY JUDGMENT

27. All proceeding paragraphs are incorporated by reference.

28. Plaintiff seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 USCA § 2201 establishing he is "legally entitled" to UIM benefits from Hartford and establishing the liability of Rojas and that Plaintiff's damages exceed the amount of the underlying settlement and/or any credits or offsets.

29. Plaintiff seeks a declaration that the damages he suffered are covered by the Policy's UM/UIM coverage and establishing the dollar amount of those damages.

30. As explained above, the Policy —which covered the truck that Plaintiff occupied and was in full force and effect on the date of the crash — contained UM/UIM coverage.

31. To date, the parties have been unable to resolve the matter. All required notices have been sent and all conditions precedent have been satisfied.

32. Under the Policy's UM/UIM coverage. Hartford "will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury' sustained by an 'insured' or 'property damage' caused by an 'accident'. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the 'uninsured motor vehicle'." *See Policy Texas Uninsured/Underinsured Motorists Coverage* ¶ A.1.

33. Under the Policy, "uninsured motor vehicle" includes an underinsured motor vehicle. *Id.* ¶ F.5.

34. Plaintiff is entitled to recover under the Policy's UM/UIM coverage because:

   a. Plaintiff is an "insured;"

   b. Rojas is an "owner" and/or "operator" of the Lexus;

   c. The Lexus is an "uninsured motor vehicle;"

   d. Plaintiff sustained "bodily injury;"

   e. Plaintiff is legally entitled to recover damages from Rojas for Plaintiff's "bodily injury;"

   f. Rojas's liability to Plaintiff for those damages arises out of the ownership, maintenance or use of the Lexus; and

    g.    Plaintiff's damages resulting from the crash exceed the amount of the underlying settlement and/or any credits or offsets.

35. Plaintiff therefore respectfully requests the Court to declare Rojas's liability for the crash, that the Policy's UM/UIM coverage covers the damages Plaintiff sustained because of the crash, and that Plaintiff is legally entitled to recover UM/UIM benefits from Hartford under the Policy's UM/UIM coverage.

36. Plaintiff further asks the Court to declare the dollar amount for all categories of damages that Plaintiff is entitled to recover from Hartford under the Policy's UM/UIM coverage.

## IV.
## DAMAGES

37. All proceeding paragraphs are incorporated by reference.

38. As a proximate result of the collision, Plaintiff has suffered serious injuries and damages.

39. Plaintiff is entitled to recover the following past and future damages and requests this Court declare the dollar amount for each category of damages set forth below:

    a.  Past medical care and expenses incurred by Plaintiffs that were reasonable and necessary for care and treatment of injuries resulting from the subject crash;

    b.  Future reasonable and necessary medical care and expenses, which, in reasonable probability, will be incurred as a result of the crash;

    c.  Past physical pain and mental anguish resulting from the crash;

    d.  Future physical pain and mental anguish which, in reasonable probability, will be suffered as a result of the crash;

  e. Past physical impairment and loss of enjoyment of life resulting from the crash;

  f. Future physical impairment and loss of enjoyment of life, which, in reasonable probability, will be suffered as a result of the crash;

  g. Past disfigurement resulting from the crash;

  h. Future disfigurement, which, in reasonable probably, will be suffered as a result of the crash;

  i. Past loss of earnings resulting from the crash; and

  j. Future loss of earning capacity, which, in reasonable probability, will be sustained as a result of the crash.

40. The elements of damages specified above will be established by competent evidence at the time of trial. The damages specified above cumulatively exceed the underlying settlement and coverage amount, plus any offsets or credits. In fact, the damages exceed the UIM coverage limit. Therefore, Plaintiff is entitled to a declaration of damages, and corresponding award of damages, for an amount that is either within the UIM coverage limit or the entire UIM coverage limit.

## V.
## JURY TRIAL

41. Plaintiff demands a trial by jury on all issues.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial before a jury, and that Plaintiff recovers a judgment and declaration regarding Defendant Hartford's obligation to pay UIM benefits to Plaintiff and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

THE AMMONS LAW FIRM, L.L.P.

*/s/ Robert E. Ammons*
Robert E. Ammons
Attorney-In-Charge
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:      (713) 523-4159
E-mail:           rob@ammonslaw.com
E-mail:           terri@ammonslaw.com

Luis Fabrega
Of Counsel
Texas State Bar No. 00790660
Southern District of Texas Bar No. 234517
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:      (713) 523-4159
E-mail:           luis@ammonslaw.com

and

KERMANI LLP
Ramin Nejad – Kermani
Of Counsel
Texas State Bar No: 24122144
2719 Wilshire Blvd., Ste. 250
Santa Monica, California 90403
Telephone:     (424) 253-4254
Facsimile:      (888) 959-8749
Email:            service@kermanillp.com
Email:            rk@kermanillp.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to the following:

**Christine Kirchner**
**Christopher Michael Lemons**
Chamberlain Hrdicka et al
1200 Smith Ste 1400
Houston, TX 77002-4310
Email: c.kirchner@chamberlainlaw.com
Email: chris.lemons@chamberlainlaw.com

*Counsel for Defendant Hartford Fire Insurance Company*


                      */s/ Robert E. Ammons*
                      ROBERT E. AMMONS